UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN THE MATTER OF:                              )
                                               )
United States of America,                      )        CASE NO:  2:26-mj-263
                          v.                   )
                                               )
Virgil E. Larson                               )        MAGISTRATE JUDGE:
148 N. Broad Street,                           )
Bremen, OH 43107                               )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jovani Estrada, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state:

## INTRODUCTION

1.      I, Special Agent Jovani Estrada (your affiant), make this affidavit in support of a criminal complaint to arrest Virgil E. Larson for violations of 18 U.S.C. §§ 2251, 2252, 2422(b), and 2423(b)– sexual exploitation of a minor; receipt, and/or possession of child pornography; coercion or enticement of a minor; and travel with intent to engage in illicit sexual conduct with a minor, as well as 18 U.S.C. § 1201– kidnapping a minor.  The statements contained in this affidavit are based in part on information and analysis provided by law enforcement agents; written reports about this and other investigations that I have received, and your affiant's personal knowledge and finding during the investigation.  Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant your affiant did not include each and every fact known concerning this investigation.  Your affiant did not withhold any information or evidence that would negate probable cause.  Your affiant set forth only the facts that are believed to be necessary to establish probable cause that **LARSON** committed the violations listed above.

2.      Your affiant has been an FBI Special Agent since December 2022, and I have been assigned to the Cincinnati Division since 2022.  During my tenure as an FBI Special Agent, I have investigated numerous crimes including, but not limited to, drug trafficking, kidnapping, and crimes against children. As a Special Agent I have participated in various investigations involving computer-related offenses and have executed search warrants, including those involving searches and seizures of computers, digital media, software, and electronically stored information.  As a SA, I am authorized to investigate violations of the laws of the United States under the authority of the United States.

## FACTS SUPPORTING PROBABLE CAUSE

3.      Beginning on or about April 5, 2026, your affiant received information from the Hocking County Sheriff Office ("HCSO") and Stokes County Sheriff Office ("SCSO") regarding

the disappearance of an approximately 12-year-old minor female, herein after Minor Victim One ("MV1"), DOB 12/XX/2013, from Lawsonville, North Carolina. Your affiant learned that on the night of April 4, 2026, a family member of MV1 (herein after Jane Doe), reported that she was with MV1 and then dropped MV1 off at MV1's residence at 8:30pm. At the time Jane Doe dropped MV1 at her residence, no one else was home.

4.      When the parents of MV1 returned home, they both realized MV1 was not at home and not with Jane Doe. The parents of MV1 called the phone of MV1 which had been turned off. A search of MV1's room revealed that she was missing her stuffed dog and a black and white blanket she carried. The parents of MV1 called 911 at approximately 10:40pm on April 4, 2026, to report that MV1 was missing. Officers with the SCSO responded to the residence and initiated an investigation.

5.      SCSO's initial investigation did not produce any information about MV1's whereabouts. A ping for MV1's phone number, acquired by SCSO, was also unsuccessful, as the information received from the cellular phone provider indicated that MV1's phone had been shut off or placed in airplane mode because it was not receiving a signal from any cellular tower. SCSO learned that MV1 had been communicating with a purported 15-year-old male on Snapchat named "Henry" and that "Henry" was from Ohio. SCSO began working to obtain usernames for MV1 and the other accounts she had been messaging.

6.      While SCSO was still on scene at the residence, the parents of MV1 received a call at approximately 5:00am on April 5, 2026, from law enforcement with the Hocking County, Ohio Sheriff's Office (HCSO) via MV1's cellphone. HCSO confirmed they were with MV1 that MV1 was safe, and that she had been the front seat passenger of a vehicle being driven by Virgil LARSON.

7.      Your affiant then learned that on or about April 5, 2026, HCSO had received a report of a single vehicle crash in the median of Highway 33 near mile marker 181 in the Hocking County/Athens County, Ohio area. HCSO responded to the area at approximately 4:45am and located a Mazda 3 sedan bearing Ohio license plate KRT 5828 in the median of Highway 33. Upon arriving to the crash site, Virgil LARSON was observed standing outside of the vehicle. LARSON indicated to HCSO he fell asleep and slid off the road and needed assistance getting his vehicle out of the lower ditch area it was in. MV1 was observed sitting in the passenger seat of the vehicle.

8.      When asked, LARSON told HCSO that MV1 was "just a friend." HCSO then approached MV1 and asked how old she was. MV1 told HCSO she was "18" and LARSON indicated to HCSO that MV1 was a "midget." HCSO asked MV1 some questions and MV1 would look at LARSON when trying to respond. When asked what year she was born, MV1 could not answer. LARSON then reentered the driver's side of hie vehicle and grabbed his cellphone. LARSON placed the cellphone on his lap and opened the calculator app. The year 2008 was typed into the cellphone he was holding and visible to MV1. The year 2008 is the year that MV1 would need to have been born to make her 18 years of age.

9.      Additional officers arrived on scene and MV1 was separated from LARSON. MV1 eventually admitted she was only 12 years old, and she explained to HCSO that LARSON was the

2

father of her boyfriend "Henry." HCSO then directed MV1 to call her parents because they were suspicious of why MV1 was with LARSON. MV1 agreed to call her parents with her own cellphone. While talking to MV1's mother, HCSO learned MV1 had been reported missing and SCSO was currently at their home in North Carolina investigating her disappearance. MV1 was then transported to the hospital for examination.

10. HCSO informed LARSON he was being placed under arrest and LARSON began fighting the deputies. Eventually, he was placed in handcuffs by HCSO and transported to jail. The Mazda 3 he had been driving was impounded, and multiple electronic devices were seized from the vehicle by HCSO to include MV1's cell phone and a cellphone belonging to LARSON.

11. At the hospital, a forensic interview was completed with MV1. MV1 advised she had a boyfriend named "Henry" who lived in Ohio. MV1 believed "Henry" to be a fifteen-year-old male who she communicated with via Snapchat and texting. MV1 disclosed that the cousin of "Henry" contacted her and that the cousins name was "Jimmy." "Jimmy" threatened to kill "Henry" if MV1 did not send a picture of her vagina to "Henry's" dad. MV1 sent a picture of her nude vagina to "Henry's" dad via text message as a result of the threats. MV1 also confirmed she told LARSON she was twelve years old when he arrived to pick her up from North Carolina.

12. An interview was conducted with LARSON on April 5, 2026. During the interview, after being advised of his *Miranda* rights, LARSON provided his telephone number as (220) 207-1466 and confirmed his phone was a Samsung A16 with a black case. During the interview, LARSON stated he met MV1 through a mutual friend named "Henry." LARSON then admitted he (LARSON) communicated with MV1 via text message. Prior to this encounter, LARSON had never met MV1 in person. LARSON stated he believed MV1 was 18 years old and had engaged in sexually explicit conversations with MV1 via text message. LARSON confirmed he drove to North Carolina to pick up MV1.

13. The parents of MV1 provided consent to law enforcement to perform a forensic extraction of MV1's phone. On or about April 7, 2026, a preliminary review of that extraction revealed a conversation between MV1 and telephone number (220) 207-1466, the same phone number LARSON identified as his own. In conversations with LARSON, MV1 distributed an up-close, nude image of her vagina. Additional messages were recovered from MV1's phone in which she was communicating with LARSON's phone and requests for nude images of her vagina were made.

14. On or about April 17, 2025 your affiant obtained a federal search warrant to download and review LARSON's cellular phone and other electronic devices. In a preliminary review of LARSON's phone, a conversation between LARSON and MV1's telephone number was identified. The image depicting the up-close, nude vagina image MV1 sent to LARSON was saved multiple times on LARSON's device. In addition, multiple videos were reviewed which depicted prepubescent and pubescent girls engaged in acts of masturbation in which they inserted various objects into their vagina. The minor girls were also depicted shaking their butt and exposing their vagina in the content as well which was saved to LARSON's device.

3

15.     Further preliminary review of LARSON's phone revealed messages between MV1 and LARSON on or about March 29, 2026, less than a week before LARSON picked up MV1 from her residence.  The two engaged in the following exchange:

| LARSON: | **"But I will and I want to"** |
|---|---|
| MV1: | "to f me?" |
| **LARSON:** | **"Y"** |
| **LARSON:** | **"ok"** |
| **LARSON:** | **"Can i"** |
| MV1: | "Idk I'll think about it" |
| **LARSON:** | **"I'll probably be there Saturday if you say yes"** |
| **LARSON:** | **"Don't say a word to nobody"** |

16.     In a follow-up interview with LARSON by the FBI, LARSON waived his *Miranda* warnings and agreed to speak with agents.  LARSON admitted that he initially thought MV1 was 18 years old.  LARSON stated he intended to transport MV1 to meet someone named "Henry." LARSON further admitted to touching MV1 and specifically, her breasts and vagina.  LARSON confirmed that MV1 disclosed she was twelve years old when he picked her up before they traveled back to Ohio.

17.     As the investigation continued, your affiant learned a notebook was recovered from the room of MV1.  In the notebook, MV1 handwrote a letter which stated, in summary, the following:

> "Look I know me and you have been talking about you fucking me on Sunday but, the thing is I don't feel comfortable being fucked without Henry being there. So if its ok can we wait til Henry comes home? It would give me some time to adjust to being there and it also will hopefully give Henry's mom some time to trust me. On the back if were able can we go see Henry if its not to late? Its ok if we can't. signed Nicole."

18.     Further investigation revealed LARSON was a Tier III registered sex offender. Law enforcement learned he had the following prior convictions:

In the Court of Common Pleas of Fairfield County (Ohio), under case number 02-CR-187, the defendant was sentenced on June 2, 2003, to two counts of Attempt Gross Sexual Imposition, felonies in the fourth degree, in violation of Ohio Revised Code Section 2907.05. He received 10 months' incarceration on Count One and 10 month0s incarceration on Count Two, to be served consecutively.

In the Court of Common Pleas of Fairfield County (Ohio), under case number 080-CR-177, the defendant was sentenced on February 21, 2020, to four counts of Gross Sexual Imposition, felonies in the third degree, in violation of Ohio Revised Code Section 2907.05. He received 4 year imprisonment on three of the charges, to be run consecutively, or a total of 12 yeas incarceration.  On the four charge he received a five year term of community control.

4

## CONCLUSION

19.     Based upon the above information, your affiant submits there is probable cause to believe Virgil LARSON has committed violations of 18 U.S.C. §§ 2251, 2252, 2422(b), and 2423(b)– sexual exploitation of a minor; receipt, and/or possession of child pornography; coercion or enticement of a minor; and travel with intent to engage in illicit sexual conduct with a minor, as well as 18 U.S.C. § 1201– kidnapping a minor.  Therefore, your affiant respectfully requests this court to issue a Federal criminal complaint and arrest warrant for Virgil LARSON.


Jovani Estrada
Special Agent
Federal Bureau of Investigation


Sworn to and subscribed to be this   23rd   day of April, 2026


Chelsey M. Vascura
United States Magistrate Judge
United States District Court
Southern District of Ohio

5